# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

JACK FISHER,

    Defendant.

Criminal Case No.
1:21-cr-00231-TCB-CMS

## NONFINAL REPORT AND RECOMMENDATION

This matter is before the Court on the Motion to Dismiss Based on Multiplicity in the Superseding Indictment filed by Defendant Jack Fisher [Doc. 219].

The Government has filed a response in opposition to Fisher's motion [Doc. 263], and Fisher has filed a reply [Doc. 266]. The motion has been fully briefed and is before the undersigned U.S. Magistrate Judge for a Report and Recommendation.

**I.  Background**

On February 24, 2022, a federal grand jury sitting in the Northern District of Georgia returned a superseding indictment against Jack Fisher and six alleged co-conspirators. [Doc. 28, Superseding Indictment]. All seven defendants were

charged with conspiracy to defraud the United States, in violation of 18 U.S.C. § 371 (Count One). Fisher and four co-defendants were also charged with conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349 (Count Two). Fisher was also charged with multiple other counts that are not challenged in this motion.

## II.     Motion to Dismiss Based on Multiplicity [Doc. 219]

In the instant motion, Fisher moves to dismiss Count Two of the First Superseding Indictment [Doc. 28] as multiplicitous and in violation of the Double Jeopardy Clause of the Fifth Amendment to the U.S. Constitution. [Doc. 219 at 1]. The Fifth Amendment's Double Jeopardy Clause protects criminal defendants against being punished twice for a single criminal offense. U.S. Const. amend. V. Fisher argues that Counts One and Two are based on the same factual allegations and involve the same time period, alleged participants, and evidence, and that dismissal is required under the Double Jeopardy Clause in order to avoid punishing him twice for the same conduct. [*Id.* at 2].

Fisher previously raised multiplicitous concerns in an earlier effort to compel the Government to produce all grand jury transcripts. [Doc. 115]. Fisher argued in that motion that multiplicity concerns would be the subject of a future motion to dismiss, and, accordingly, he required the disclosure of the secret grand jury materials he requested. In denying Fisher's request, this Court explained the law on multiplicity

challenges, noted that a future motion to dismiss would be considered under the *Blockburger* elements test utilized for such motions in the Eleventh Circuit, and concluded that Fisher had failed to show how the grand jury transcripts he was seeking were relevant to determining whether the elements of one of the charged conspiracies require a proof of fact that the other does not, under *Blockburger*. [*See* Doc. 224 at 7].

After due consideration of Fisher's current motion to dismiss and related briefs, the caselaw cited therein, and for the reasons discussed more thoroughly below, my analysis has not changed. Straightforward application of the *Blockburger* test shows that the conspiracies charged in Counts One and Two are not one but two offenses that require proof of an element that the other does not. *See United States v. Gonzalez*, 834 F.3d 1206, 1219 (11th Cir. 2016) (explaining that 18 U.S.C. § 371 and 18 U.S.C. § 1349 "each requires proof of a unique element not required by the other under the *Blockburger* test").

"An indictment is multiplicitous if it charges a single offense in more than one count." *United States v. Jones*, 601 F.3d 1247, 1258 (11th Cir. 2010) (quoting *United States v. Williams*, 527 F.3d 1235, 1241 (11th Cir. 2008)); *United States v. Howard*, 918 F.2d 1529, 1532 (11th Cir. 1990). A multiplicitous indictment violates double jeopardy principles by giving the jury more than one opportunity to convict the

defendant for the same offense. *Jones*, 601 F.3d at 1258. In cases like this one involving two conspiracy counts, courts in the Eleventh Circuit apply the "same elements" test set forth in *Blockburger v. United States*, 284 U.S. 299, 304 (1932). *United States v. Davis*, 854 F.3d 1276, 1286 (11th Cir. 2017). The *Blockburger* test is one of statutory interpretation in which the court examines the elements of each offense to determine whether Congress intended to authorize cumulative punishments. *United States v. Williams*, 527 F.3d 1235, 1240 (11th Cir. 2008). Under that test, two offenses are different for double jeopardy purposes "if each 'requires proof of an additional fact which the other does not.'" *United States v. Smith*, 532 F.3d 1125, 1128 (11th Cir. 2008); *see also United States v. Cannon,* 987 F.3d 924, 940 (11th Cir. 2021) (applying *Blockburger* test in a case involving two conspiracy counts). If each offense requires proof of an element that the other does not, "the *Blockburger* test is satisfied, notwithstanding a substantial overlap in the proof offered to establish the crimes." *United States v. Hassoun*, 476 F.3d 1181, 1185 (11th Cir. 2007) (citing *Albernaz v. United States*, 450 U.S. 333, 338 (1981)).

Defendant Fisher argues that where, like here, *Klein* conspiracies under 18 U.S.C. § 371 are involved, double jeopardy concerns are heightened and a number of circuit courts (other than the Eleventh Circuit) have expressed concern about whether the conduct potentially within the ambit of Section 371 is actually illegal. [Doc. 219

at 5 (citation omitted)]. Fisher contends that Counts One and Two of the Superseding Indictment are facially indistinguishable (with Count Two incorporating by reference all factual allegations previously asserted in the Superseding Indictment, including those asserted in Count One). In lieu of the *Blockburger* test, Fisher urges the Court to apply a "totality of the circumstances" test (like some other circuits) to assess whether "there are two agreements or only one" for double jeopardy purposes, and whether the two counts charge the same act or transaction—i.e., conspiracy.

Fisher argues that the Eleventh Circuit has explicitly acknowledged that it may be necessary to "look beyond the elements of the offenses in order to assess potential multiplicity problems" where "the proof reveals a single ongoing conspiratorial agreement."[1] [Doc. 219 at 7–8, citing *United States v. Hassoun*, 476 F.3d 1181, 1187

---

[1] In *Hassoun*, the Eleventh Circuit acknowledged that "there may remain a few specific circumstances in which we are required to look beyond the elements of the offenses in order to assess potential multiplicity problems." *Hassoun*, 476 F.3d at 1186–87. The "few circumstances" alluded to by the Eleventh Circuit, however, were limited to continuing criminal enterprise prosecutions where a drug conspiracy is separately charged, "or in cases where two counts are charged under the same statutory provision." *Id.* (citing *United States v. Harvey*, 78 F.3d 501, 505 (11th Cir. 1996) (holding that a drug conspiracy under 12 U.S.C. § 846 is a lesser-included offense that merges into "continuing criminal enterprise" charged under 21 U.S.C. § 848 when "the two conspiracies alleged . . . were, *in fact*, the same conspiracy") (other citations omitted)). Neither charge asserted in this case constitutes a lesser-included offense or a "continuing criminal enterprise." Fisher has failed to show that either circumstance is present in this case so as to merit a fact-based inquiry going beyond the elements of the offenses charged in the Superseding Indictment.

(11th Cir. 2007)]. The second part of this quote, however, does not appear in *Hassoun*, and in fact, the Court in *Hassoun* rejected the same arguments that Fisher advances here—i.e., that the Government reiterated in each count a single conspiracy, founding each count upon the same factual premise. *See Hassoun*, 476 F.3d at 1186. The *Hassoun* Court concluded that in so arguing, the defendants had misapprehended the proper application of the *Blockburger* analysis to the superseding indictment against them. *Id.* Instead, the Court instructed that its precedent "establishes that when comparing charges under different statutory provisions—such as the contested provisions here—we examine only the elements themselves; if an offense requires proof of an element that the other offense does not, we need look no further in determining that the prosecution of both offenses does not offend the Fifth Amendment." *Id.* (citation omitted). "Specifically, we need not examine the facts alleged in the indictment to support the counts nor the 'practical significance' of the theories alleged for each count." *Id.* (citing *United States v. Boldin*, 772 F.2d 719, 726 (11th Cir. 1985) (stating that "a substantial overlap in the proof offered to establish the crimes is not a double jeopardy bar") (other citations omitted)). Thus, under *Blockburger*, courts should "examine only the elements themselves" when "comparing charges under different statutory provisions." *Id.* According to the Eleventh Circuit, "The strictly elemental analysis applies even where [like here] we

6

are presented with an indictment that charges two conspiracy counts, each under a separate statutory provision, but both based on the same factual conspiracy as alleged." *Id.*

Having established the appropriate scope of the *Blockburger* test, this Court need simply apply it here and compare the elements of the offense charged in Count One with the offense charged in Count Two.

Count One alleges a conspiracy to defraud the United States in violation of 18 U.S.C. § 371, in the Northern District of Georgia and elsewhere, by impeding and obstructing the "ascertainment, assessment, and collection of income taxes" [Doc. 28 ¶¶ 36–37], whereas Count Two alleges a wire fraud conspiracy in violation of 18 U.S.C. § 1349, by transmitting and causing to be transmitted by means of wire and radio communications in interstate and foreign commerce, "writings, signs, signals, pictures, and sounds, interstate telephone calls, faxes, and emails related to the organization, design, promotion, implementation, and sale of the SCE Tax Shelters." [*Id.* ¶ 279].

The elements of a conspiracy under § 371 that must be proved beyond a reasonable doubt are:

(1) two or more persons in some way agreed to try to accomplish a shared and unlawful plan;

 (2) the defendant knew the unlawful purpose of the plan and willfully joined in it;

 (3) during the conspiracy, one of the conspirators knowingly engaged in at least one overt act as described in the indictment; and

 (4) the overt act was committed at or about the time alleged and with the purpose of carrying out or accomplishing some object of the conspiracy.

An "overt act" is any transaction or event, even one that may be entirely innocent when viewed alone, that a conspirator commits to accomplish some object of the conspiracy. *See* Eleventh Circuit Pattern Jury Instructions, 013.1 General Conspiracy Charge, 18 U.S.C. § 371.

By contrast, the federal crime of wire fraud, 18 U.S.C. § 1343, requires that the following elements be proved beyond a reasonable doubt:

 (1) the defendant knowingly devised or participated in a scheme to defraud someone else by using false or fraudulent pretenses, representations, or promises;

 (2) the false pretenses, representations, or promises were about a material fact;

 (3) the defendant acted with the intent to defraud; and

(4) the defendant transmitted or caused to be transmitted by [wire] [radio] [television] some communication in interstate commerce to help carry out the scheme to defraud.

A "scheme to defraud" means any plan or course of action intended to deceive or cheat someone out of money or property by using false or fraudulent pretenses, representations, or promises. *See* Eleventh Circuit Pattern Jury Instructions, 051, Wire Fraud, 18 U.S.C. § 1343.

The alleged objective of the conspiracy outlined in Count One was, in essence, to defraud the United States in its collection of income taxes,[2] whereas Count Two outlines an agreement to create and distribute promotional and marketing materials through interstate telephone calls, faxes, and emails to promote and consummate the sale of the alleged improper tax shelters.[3] These are not the same and involve two

---

[2] Title 18 U.S.C. § 371 provides that, "If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined under this title or imprisoned not more than five years, or both."

[3] Title 18 U.S.C. § 1343 provides in pertinent part that "[w]hoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire ... in interstate or foreign commerce, any writings ... or sounds for the purpose of executing such scheme or artifice, shall be fined ... or imprisoned ... or both." *United States v. Barrington*, 648 F.3d 1178, 1191 n.9 (11th Cir. 2011) (citing 18 U.S.C. § 1343); *United States v.*

distinct code sections.[4]  Section 371 does not require proof that the defendant transmitted or caused to be transmitted by wire, radio, or television a communication in interstate commerce to help carry out the scheme to defraud, and Section 1343 does not require proof of an overt act and/or of an agreement to defraud the United States in its ascertainment, assessment, and collection of income taxes.  Accordingly, these two counts are not multiplicitous.

Moreover, contrary to Defendant Fisher's argument, the time frames covered by these counts are not the same.  Count One alleges misconduct over the time period from "at least in or about 2002 through at least 2020" [Doc. 28 at 8], whereas Count Two alleges misconduct from "at least in or about 2013 through at least in or about 2019" [*id.* at 64].  While the timelines partially overlap, they are not the same.

Nor are the individuals indicted exactly the same.  Count One includes seven individuals (i.e., Jack Fisher, James Sinnot, Herbert Lewis, Victor Smith, and three others), whereas Count Two only includes five individuals total (and does not include Lewis or Smith).

---

*Feldman*, 931 F.3d 1245, 1257 (11th Cir. 2019).

[4]  *See Barrington*, 648 F.3d at 1190 n.6 (stating that 18 U.S.C. §§ 371 and 1349 are "two distinct conspiracy statutes").

### III.    Conclusion

For all the reasons stated, Defendant Fisher has failed to show that Count Two of the Superseding Indictment is multiplicitous and should be dismissed. Accordingly, I **RECOMMEND** that Fisher's Motion to Dismiss Based on Multiplicity [Doc. 219] be **DENIED**.

**IT IS SO RECOMMENDED**, this 29th day of September, 2022.

_____
CATHERINE M. SALINAS
UNITED STATES MAGISTRATE JUDGE