IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JACK FISHER,<br><br>      Defendant. | CRIMINAL ACTION FILE<br><br>NO. 1:21-cr-231-TCB |

## O R D E R

This case comes before the Court on Magistrate Judge Catherine M. Salinas's non-final report and recommendation (the "R&R") [285], which recommends denying Defendant Jack Fisher's motion [219] to dismiss count two as multiplicitous of count one under the Double Jeopardy Clause. Fisher filed objections [310] to the R&R.

### I.  Background

Fisher and six other Defendants face various tax-related charges in this Court. Defendants allegedly created illegal tax shelters whereby high-income taxpayers claimed unwarranted and inflated charitable-

contribution tax deductions in connection with the donation of conservation easements.[1]

On February 24, 2022, a grand jury returned a 135-count first superseding indictment against seven Defendants for fraudulently inflating the valuation of syndicated conservation easements as a tax shelter tactic.[2] Relevant to this order, Fisher faces one count under 18 U.S.C. § 371 for conspiracy to defraud the United States and one count under 18 U.S.C. § 1349 for wire fraud conspiracy.

On August 4, Fisher filed a motion to dismiss count two of the superseding indictment for wire fraud under § 1349. He argued that the

---

[1] The tax code permits certain charitable deductions under 26 U.S.C. § 170(c) but generally does not permit a deduction for the contribution of a partial interest in real property. At issue here is the exception to that general rule under § 170(h), which permits certain qualified conservation contributions of a qualified real property interest to a charitable or non-profit organization set up for conservation purposes.

[2] Speaking broadly, syndicated conservation easements are an investment vehicle. The vehicle is a pass-through entity (an LLC or partnership) marketed to investors. Investors put money into the entity, the entity buys land and donates an easement on the land to a qualified charitable organization, and the investor receives a charitable contribution deduction. In this case, the entity would buy an ownership interest in another land-owning entity, which would in turn donate the conservation easement. Fisher and his co-Defendants would sell "units" in these tax shelter entities to investors in exchange for the tax deduction.

count was multiplicitous under the Double Jeopardy Clause of the count for conspiracy under § 371.

On September 29, Judge Salinas issued an R&R that recommended denying Fisher's motion. He timely filed objections to the R&R. The Government did not file a response.

## II. Legal Standard

"A district judge may refer to a magistrate judge for recommendation a defendant's . . . motion to suppress evidence . . . or any matter that may dispose of a charge or defense." FED. R. CRIM. P. 59(b)(1). "Within 14 days after being served with a copy of the recommended disposition . . . a party may serve and file specific written objections to the proposed findings and recommendations." FED. R. CRIM. P. 59(b)(2).

"The district judge must consider de novo any objection to the magistrate judge's recommendation. The district judge may accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions." FED. R. CRIM. P. 59(b)(3).

A district judge has a duty to conduct a "careful and complete" review of a magistrate judge's R&R. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. Unit B 1982)). This review may take different forms, however, depending on whether there are objections to the R&R. The district judge must "make a de novo determination of those portions of the [R&R] to which objection is made." 28 U.S.C. § 636(b)(1)(C). In contrast, those portions of the R&R to which no objection is made need only be reviewed for "clear error." *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam) (quoting *Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005)).[3]

---

[3] *Macort* dealt only with the standard of review to be applied to a magistrate's factual findings, but the Supreme Court has indicated that there is no reason for the district court to apply a different standard to a magistrate's legal conclusions. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Thus, district courts in this circuit have routinely reviewed both legal and factual conclusions for clear error. *See Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373–74 (N.D. Ga. 2006) (collecting cases). This is to be contrasted with the standard of review on appeal, which distinguishes between the two. *See Monroe v. Thigpen*, 932 F.2d 1437, 1440 (11th Cir. 1991) (holding that when a magistrate's findings of fact are adopted by the district court without objection, they are reviewed on appeal under a "plain error standard" while questions of law always remain subject to de novo review).

## III. Analysis

Fisher does not object to the R&R's *Blockburger* analysis. In *Blockburger v. United States*, 284 U.S. 299 (1932), the Supreme Court held that the Double Jeopardy Clause does not prohibit prosecution under multiple charges for the same conduct when each charge requires "proof of a fact which the other [charge] does not." *See id.* at 304 (citing *Gavieres v. United States*, 220 U.S. 338, 342 (1911)). *See generally United States v. Lee*, 29 F.4th 665, 670 (11th Cir. 2022) (stating that the *Blockburger* test is ultimately a rule of "statutory construction").

It is clear beyond cavil that the two counts of conspiracy against Fisher—count one under 18 U.S.C. § 371 to defraud the United States and count two under 18 U.S.C. § 1349 for wire fraud conspiracy—do not violate the Double Jeopardy Clause under *Blockburger*.[4]

---

[4] As explained in the R&R, count two (wire fraud conspiracy under 18 U.S.C. § 1343) is not multiplicitous of count one (conspiracy under 18 U.S.C. § 371) under the *Blockburger* test:

> Section 371 does not require proof that the defendant transmitted or caused to be transmitted by wire, radio, or television a communication in interstate commerce to help carry out the scheme to defraud, and Section 1343 does not require proof of an overt act and/or of an agreement to defraud the United States in its ascertainment,

Instead of arguing against the *Blockburger* analysis, Fisher objects to the R&R for two closely related reasons. First, he argues that *Blockburger*'s elemental analysis does not apply to a circumstance as here when two counts of conspiracy are based on similar underlying circumstances. He asks the Court to apply a totality-of-the-circumstances approach, used by some circuits, to evaluate whether the two counts of conspiracy violate the Double Jeopardy Clause. Second, and relatedly, he argues that the R&R erred by not applying the totality-of-the-circumstances approach, instituting a burden-shifting test, and looking to factors instead of elements to decide the issue.

"Some cases present novel issues that we must resolve without help from precedent. Others require us to faithfully apply well-established law. This case falls into the second camp. And the precedent that controls our analysis from start to finish comes from no less than

---

assessment, and collection of income taxes. Accordingly, these two counts are not multiplicitous.

[285] at 10. Though Fisher does not specifically object to the R&R's *Blockburger* analysis, the Court notes that the above analysis is legally and factually correct.

6

the Supreme Court." *United States v. Malone*, No. 20-12744, slip op. at 2 (11th Cir. Oct. 26, 2022) (selected for publication). As stated in a different context in *Malone*, this Court need not address this issue anew. That is because the Eleventh Circuit has made clear that Fisher's argument does not have merit.

In *United States v. Hassoun*, 476 F.3d 1181 (11th Cir. 2007), defendants alleged that a specific conspiracy count was duplicative of a separate, general conspiracy count under § 371. Defendants argued against use of *Blockburger*, saying that the court should look to the substance of the offenses. The Eleventh Circuit was clear in its adherence to *Blockburger*:

> The defendants misapprehend the proper application of the *Blockburger* analysis to the superseding indictment against them. Our precedent establishes that when comparing charges under different statutory provisions—such as the contested counts here—we examine only the elements themselves; if an offense requires proof of an element that the other offense does not, we need look no further in determining that the prosecution of both offenses does not offend the Fifth Amendment.

*Id.* at 1186 (citations omitted).

So too the Eleventh Circuit was clear that "[t]he strictly elemental analysis applies even where we are presented with an indictment that charges two conspiracy counts, each under a separate statutory provision, but both based on the same factual conspiracy as alleged." *Id*. As is the case here. Indeed, Fisher's argument mirrors the exact language admonished in *Hassoun*—that *Blockburger* still applies to evaluate two counts of conspiracy based on the same underlying factual circumstance.

This conclusion should come as no surprise. *Hassoun* is not an outlier case. Indeed, the Eleventh Circuit has consistently held that Fisher's argument lacks support. *See, e.g.*, *United States v. Lanier*, 920 F.2d 887, 895 (11th Cir. 1991) ("[W]e . . . hold that a defendant may properly be prosecuted under the general conspiracy statute and a specific conspiracy statute so long as each statute requires proof of an element not required by the other."); *see also United States v. Gonzalez*, 834 F.3d 1206, 1219 (11th Cir. 2016) (applying *Blockburger* to one count of general conspiracy and one count of specific conspiracy).

Fisher attempts to re-shape Eleventh Circuit precedent by arguing that *Hassoun* left the door open for district courts to look past *Blockburger*'s elemental approach. To be sure, *Hassoun* did state that

> there may remain a few specific circumstances in which we are required to look beyond the elements of the offenses in order to assess potential multiplicity problems, such as in a 'continuing criminal enterprise' prosecution where a drug conspiracy is separately charged, or in cases where two counts are charged under the same statutory provision.

*Hassoun*, 476 F.3d at 1186–87 (first citing *United States v. Harvey*, 78 F.3d 501, 505 (11th Cir. 1996); and then citing *United States v. Anderson*, 872 F.2d 1508, 1520 (11th Cir. 1989)).

However, as explained in the R&R, "[n]either charge asserted in this case constitutes a lesser-included offense or a 'continuing criminal enterprise.' Fisher has failed to show that either circumstance is present in this case so as to merit a fact-based inquiry going beyond the elements of the offenses charged in the Superseding Indictment." [285] at 5 n.1.[5]

---

[5] In addition, as mentioned, *Hassoun* held that *Blockburger* applies when a defendant is charged under two statutory provisions based on the same factual circumstance. Thus, even to the extent *Hassoun* left the door open to circumstances

Fisher's second, and related, objection is that the R&R did not evaluate the Double Jeopardy question under the totality-of-the-circumstances approach. The Court need not address this issue because the threshold question whether *Blockburger* applies was answered in the affirmative.

However, worth noting is that the Eleventh Circuit in *Hassoun* explained its disapproval of the case by which Fisher's beyond-the-elements test stems—*United States v. Marable*, 578 F.2d 151 (5th Cir. 1978). Harking to its holding that *Blockburger* applies except in limited circumstances, the court in *Hassoun* noted that "our precedent has since distinguished *Marable*, limiting its holding to, at most, cases in which two counts are charged under the same conspiracy statute." 476 F.3d at 1187 n.7 (citations omitted). The court also questioned *Marable*'s

---

beyond the two mentioned, it is clear that *Hassoun* requires this Court to apply *Blockburger* to this specific circumstance.

Nevertheless, Fisher argues that *Ward v. United States*, 694 F.2d 654 (11th Cir. 1983), which found two counts of conspiracy multiplicitous, is applicable to this case. However, the circumstance in *Ward* is that which *Hassoun* already discussed by citation to *Anderson*: reaching beyond *Blockburger* might be needed when a defendant is charged with two counts under the same statutory provision. That was the case in *Ward* and *Anderson*. Otherwise, as here when the Defendant is charged under two separate conspiracy statutes, *Blockburger* controls.

10

precedential value in light of subsequent Fifth Circuit and Supreme Court opinions.[6]

Therefore, the R&R's analysis under *Blockburger* applies. The Court will not use the test espoused by Fisher, and his motion to dismiss count two under the Double Jeopardy Clause will accordingly be denied.

## III. Conclusion

The Court has carefully reviewed the R&R and all objections thereto. Having done so, the Court finds no clear error in the portions of the R&R not objected to. *Macort*, 208 F. App'x at 784. Further, the Court finds that Magistrate Judge Salinas's factual and legal conclusions were correct and that Fisher's objections [310] do not have any merit. Therefore, the Court adopts as its Order the R&R [285]. Fisher's motion [219] to dismiss count two as multiplicitous under the Double Jeopardy clause is denied.

---

[6] Nevertheless, the R&R's analysis of factors discussed in *Marable*—although unnecessary due to *Blockburger*'s application—accurately explains how the two conspiracy counts involve different time spans, persons, statutory offenses, and overt acts. Thus, while not dispositive, even if the Court were to agree with Fisher's theory about looking beyond *Blockburger*, the ultimate conclusion would not change.

11

IT IS SO ORDERED this 3rd day of November, 2022.

_____
Timothy C. Batten, Sr.
Chief United States District Judge