IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA

v.

JACK FISHER,

      Defendant.

CRIMINAL ACTION NO.

1:21-cr-231-02-TCB-CMS

## NON-FINAL REPORT AND RECOMMENDATION

In this criminal case, the Government charged Defendant Jack Fisher and seven co-defendants with various tax-related charges arising from their alleged creation of illegal tax shelters that allowed high-income taxpayers to claim unwarranted and inflated charitable contribution tax deductions in connection with the donation of conservation easements. The matter is before the Court on Fisher's Motion to Stay Forfeiture Pending Appeal [Doc. 905]. For the below reasons, I will recommend that the motion to stay be denied.

## I. BACKGROUND

A grand jury returned a First Superseding Indictment against Fisher and seven co-defendants, charging Fisher with, among other things, one count of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349 ("Count 2") and fourteen counts of money laundering in violation of 18 U.S.C. § 1957 ("Counts 122–135"). [Doc.

28, First Superseding Indictment, at 66–67, 92–94].   The First Superseding Indictment included a forfeiture provision stating that, upon Fisher's conviction, the Government would obtain a forfeiture money judgment representing the property that Fisher obtained from the offenses of conviction and Fisher would forfeit property constituting, or derived from, proceeds traceable to the money laundering offenses.  [*Id.* at 94–97].  The First Superseding Indictment also identified certain property subject to forfeiture, including real estate.  [*Id.* at 95–97].  The Government later filed a Bill of Particulars identifying other specific assets subject to forfeiture, including vehicles, an aircraft, and funds seized from bank accounts. [Doc. 191].

On September 22, 2023, a jury found Fisher guilty as to Counts 2 and Counts 122–135 of the First Superseding Indictment. [Docs. 735, 739].  The forfeiture phase of the trial then began, and the jury determined that the Government had established the required nexus between specific property (including various real properties, various vehicles, an aircraft, and funds seized), and the offenses charged in Counts 2 and 122–135.  [Docs. 735, 740].  Fisher later filed a motion for judgment of acquittal [Doc. 750], and the District Court denied that motion [Doc. 758].

On October 16, 2023, the Government moved for a preliminary order of forfeiture.  [Doc. 751].  A day later, the District Court entered an Order of Forfeiture

for certain real property, certain vehicles, an aircraft, certain funds that had been seized, and $25,000. [Doc. 753]. Fisher objected to that Order. [Doc. 761].[1]

On January 9, 2024, the District Court held a sentencing hearing for Fisher. [Doc. 846]. On January 23, 2024, the District Court entered its Judgment and Commitment Order. [Doc. 856]. The District Court sentenced Fisher to a total of 300 months of imprisonment, to be followed by a total of three years of supervised release, and it also directed Fisher to pay $457,885,755 in restitution, jointly and severally with co-defendant James Sinnot and other defendants to be determined. [Doc. 856]. On that same day, the District Court granted in part the Government's motion for the costs of prosecution as to Fisher and Sinnot, and taxed those defendants $81,798.62, jointly and severally. [Doc. 858]. Fisher later moved to amend or correct the judgment pursuant to Federal Rule of Criminal Procedure 36 [Doc. 861], and the District Court granted in part and denied in part that motion [Doc. 870].

---

[1] Several third parties filed petitions or motions to assert third-party interests in the forfeited property. [Docs. 766, 773, 782, 786–87, 791–99, 800–07, 809–23, 852, 901-02]. On March 19, 2024, the District Court granted a motion to clarify the preliminary order of forfeiture and excluded certain real property described in the third-party petitions filed by New Hampstead, GA, LLC [Doc. 805] and CMTG JP Finance, LLC [Doc. 816] from the preliminary order of forfeiture. [Doc. 980]. The other petitions and motions remain pending, and the Court will address them in due time.

Fisher filed a notice of appeal [Doc. 872], and his appeal remains pending. On February 16, 2024, Fisher moved to stay forfeiture pending appeal. [Doc. 905]. The Government responded to Fisher's motion [Doc. 976], and Fisher filed a reply in support of it [Doc. 979]. For the below reasons, I will recommend that the Court deny Fisher's motion to stay forfeiture pending appeal.

## II.    **DISCUSSION**

Fisher argues that a stay pending appeal will maintain the *status quo*, will not harm the Government, and will ensure that the forfeited assets remain intact and in existence if Fisher's appeal results in a reversal of his conviction or the preliminary order of forfeiture. [Doc. 905 at 1]. The Government responds that Fisher has not shown that a stay is warranted. [Doc. 796]. In his reply, Fisher complains that the Government has not presented a "legitimate basis to deny a stay under these circumstances." [Doc. 979 at 1]. For the below reasons, I find that Fisher bears the burden to show that a stay is warranted, and I further conclude that Fisher has failed to meet that burden.

### A.    **Applicable Standard**

Motions to stay forfeitures are governed by Rule 32.2(d) of the Federal Rules of Criminal Procedure. *See* FED. R. CRIM. P. 38(f). That rule permits a court to stay an order of forfeiture pending appeal "on terms appropriate to ensure that the

property remains available pending appellate review."  FED. R. CRIM. P. 32.2(d).

"The purpose of the provision is to ensure that the property remains intact and

unencumbered so that it may be returned to the defendant in the event the appeal is

successful."  FED. R. CRIM. P. 32.2(d) advisory committee's note to 2000 adoption.

Rule 32.2(d) is silent about which party bears the burden of showing that a stay is

warranted.  It stands to reason, however, that the party seeking a stay—in this case,

Fisher—has the burden to show that a stay is warranted.

Courts consider four factors to determine whether a forfeiture order should be

stayed: (1) the likelihood of success on appeal; (2) whether the forfeited asset is

likely to depreciate over time; (3) the forfeited asset's intrinsic value to the defendant

(i.e., the availability of substitutes); and (4) the expense of maintaining the forfeited

property.  *United States v. Peters*, 784 F. Supp. 2d 234, 235 (W.D.N.Y. 2011) (in-

ternal punctuation omitted); *accord United States v. Bradley*, 513 F. Supp. 2d 1371,

1380 (S.D. Ga. 2007) (citing *United States v. Riedl*, 214 F. Supp. 2d 1079, 1082 (D.

Haw. 2001)).  "Unsurprisingly, case-specific circumstances alter outcomes in this

area of the law."  *Bradley*, 513 F. Supp. 2d at 1380.  Applying the above factors to

the facts here, I find that Fisher has not shown that a stay is warranted.

### B.   Discussion

#### 1.   Likelihood of Success

First, the likelihood of success on appeal factor does not support granting a stay. Although Fisher contends that he is likely to succeed on an appeal, he provides no details to support this claim in his initial brief and instead argues only that "[n]o reasonable person" would call this appeal frivolous. [Doc. 905 at 2]. Fisher attempts to provide more detailed arguments in his reply [Doc. 979 at 2–4], but he waived those arguments by failing to include them in his initial brief. *See In re Egidi*, 571 F.3d 1156, 1163 (11th Cir. 2009) ("Arguments not properly presented in a party's initial brief or raised for the first time in the reply brief are deemed waived.").

Even if Fisher had not waived those arguments, Fisher's likelihood of succeeding on appeal is questionable. The trial was fairly conducted, and both the applicable law and the evidence support Fisher's convictions and the jury's verdict. Under those circumstances, it is not clear that Fisher will succeed on appeal. The likelihood of success on appeal factor consequently weighs against granting a stay. *See Riedel*, 214 F. Supp. 2d at 1083 (denying a motion to stay forfeiture proceedings where the law of the jurisdiction supported the defendant's conviction); *see also United States v. Dong*, 252 F. Supp. 3d 447, 460 (D.S.C. 2017) (finding that the likelihood of success factor weighed against granting a stay where "the trial was

fairly conducted and the verdict was fully supported by the evidence"), *aff'd sub nom*, *United States v. Vaxima, Inc.*, No. 17-4277, 2022 WL 595655 (4th Cir. Feb. 28, 2022).

### 2.       Likelihood of Depreciation Over Time

Second, Fisher fails to show that the forfeited assets will not depreciate over time.  On the one hand, Fisher argues that real estate "generally increases over time." [Doc. 905 at 2].  Fisher, however, also contends that "the assets have greater value under current management than liquidated by the government" and that the "value of the land will diminish significantly through liquidation." [*Id.* at 3].  It is reasonable to presume that at least some properties, including the properties used as residences, may deteriorate if they are left vacant or if Fisher's family members and friends continue to occupy the properties knowing that the properties are likely to be subject to forfeiture.  It also is not clear, as Fisher argues in his reply, that all the real estate that is subject to forfeiture will naturally appreciate over time.  [Doc. 979 at 5–6].  Absent more specific information, this factor is at best neutral.  Fisher, therefore, has not shown that the second factor favors a stay.

### 3.       Intrinsic Value

Third, Fisher has not shown that the intrinsic value factor supports a stay.  In his initial brief, Fisher argues generally that the property subject to forfeiture has

intrinsic value to him because it includes his home, the home where his daughter resides, and an RV. [Doc. 905 at 5]. Fisher, however, fails to provide *facts* in his initial brief to show why the assets that are subject to forfeiture have intrinsic value to him or why the assets are unique. *See generally* [*id.*].

Fisher argues in his reply that real property and homes are necessarily unique and that his RV likewise has intrinsic value because it is "essentially a home on wheels." [Doc. 979 at 7 (internal quotation marks and citation omitted]. Again, Fisher waived that argument by failing to include it in his initial brief. *In re Egidi*, 571 F.3d at 1163.

Even if Fisher had not waived the argument, it is not persuasive. Courts have been reluctant to find that property has intrinsic value simply because it is a home or a parcel of real property. Instead, courts have required defendants seeking to stay forfeiture to allege *facts* showing that the property is unique, such as allegations showing that the real property had been in the defendant's family for a long time or had nostalgic value. *United States v. Ambler*, No. 5:11CR54, 2013 WL 5770505, at *2 (N.D.W.V. Oct. 24, 2013); *see also United States v. Davis*, No. CRIM.A. 07-CR-11JCH, 2009 WL 2475340, at *2 (D. Conn. June 15, 2009) (noting that the defendant's case "is unlike those where a longtime home, or family heirloom jewelry, with intrinsic and nostalgic value to the defendant distinct from its monetary

value, are subject to forfeiture"). Fisher failed to make those factual allegations here, and he has not shown that the real properties and RV have sufficient intrinsic value to him to warrant staying the forfeiture proceedings.

Another factor counsels against finding that the forfeited real property and RV have intrinsic value to Fisher. Fisher will be entitled to the proceeds from the sales of that property if the Eleventh Circuit reverses his conviction on appeal, and Fisher has not shown that he would be hindered in building or buying similar properties with the proceeds from the forfeitures. Under those circumstances, the intrinsic value factor does not weigh in favor of Fisher. *See Ambler*, 2013 WL 5770505, at *2 (finding that the intrinsic value factor did not weigh in favor of the defendant when the defendant had not shown that she could not buy or build a similar residence with proceeds from the forfeiture if her conviction were reversed on appeal); *see also Bradley*, 513 F. Supp. 2d at 1380 (concluding that the intrinsic value factor weighed against a stay where there was no "suggestion that the Government would not be able to fully compensate the defendants in the unlikely event the liquidation-supporting convictions are reversed").

For the above reasons, Fisher has failed to show that the property to be forfeited has sufficient intrinsic value to him to warrant staying the forfeiture proceedings. This factor, therefore, does not support a stay. *See Ambler*, 2013 WL

5770505, at *2 (concluding that the intrinsic value factor weighed in favor of denying a motion to stay forfeiture when the defendant failed to allege facts showing intrinsic value); *see also United States v. Bachner*, 741 F. Supp. 221, 222 (S.D. Fla. 1990) (denying a motion for stay of forfeiture of airplanes and noting that the planes were "not unique").

### 4.    Expense of Maintaining the Property

Fourth, the expense of maintaining the property factor does not clearly support granting a stay.  Fisher argues in his reply that he (rather than the Government) will bear the expense of maintaining the properties pending his appeal.  [Doc. 979 at 8]. Even if Fisher had presented this argument properly in his initial brief, it does not carry the day.  Although the Government may not have to pay to maintain the properties if the Court stays the forfeiture proceedings, a stay may make the properties vulnerable to risks of vandalism or deterioration.  If the Court grants a stay, the condominium in Asheville, North Carolina where Fisher resided and the home where his daughter resides will either be vacant, leaving the properties subject to risks of vandalism or deterioration, or will be possessed by Fisher's friends or family members, who may have very little incentive to maintain the properties if the appeal remains pending after the third-party claims are resolved in the Government's

10

favor.  This factor is at best neutral.

### 5.  Conclusion

For the above reasons, Fisher has not shown that a stay of the forfeiture proceedings pending appeal is warranted.  At best, two of the four factors are neutral, while the other two factors counsel against staying the forfeiture proceedings.  This is not enough to warrant a stay.  I, therefore, recommend that the Court deny Fisher's motion to stay forfeiture pending appeal.

## III.  **CONCLUSION**

Accordingly, I **RECOMMEND** that the Court **DENY** Fisher's Motion to Stay Forfeiture Pending Appeal [Doc. 905].

SO REPORTED AND RECOMMENDED, this the 1st day of April, 2024.

CATHERINE M. SALINAS
United States Magistrate Judge